RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10-7-05

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Brenda G. Menard | Civil Action No. 05-CV-1734 |
| Versus | Judge Tucker L. Melançon |
| CVS Pharmacy, Inc. et al. | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING AND ORDER

Before the Court is an unopposed Motion to Remand filed by plaintiff Brenda G. Menard [Rec. Doc. 8] and Defendants' Motion to Dismiss under the fraudulent joinder doctrine [Rec. Doc. 4].[1] For the following reasons, Plaintiff's Motion to Remand will be granted and Defendants' Motion to Dismiss will be denied as moot.

### I. Background

On September 12, 2005, Plaintiff filed this suit in the 15th Judicial District Court, Vermilion Parish, Louisiana against defendants CVS EGL 1st Kaplan LA, Inc. (erroneously referred to as CVS Pharmacy, Inc.) and Danielle Stelly. On October 3, 2005, defendant CVS EGL 1st Kaplan LA, Inc. (CVS) timely filed a Notice of Removal, asserting that this Court has jurisdiction over the matter under 28 U.S.C. § 1332 as the suit is between a Louisiana resident and a foreign corporation with its principle place of business in Rhode Island [Rec. Doc. 2]. In its Notice of Removal,

---

[1] Pursuant to Local Rule 7.5W, the deadline for filing defendants' opposition to plaintiff's motion was October 30, 2005. The fact that defendant did not file an opposition to Menard's Motion does not necessarily mean Menard should prevail on the merits.

CVS asserts that Danielle Stelly was fraudulently joined only to defeat diversity or, in the alternative, was clearly nominal because her alleged negligence occurred in the course and scope of her employment with CVS. The Court entered an Order of Removal on October 6, 2005 [Rec. Doc. 7].

Plaintiff has filed a Motion to Remand this matter asserting there was no fraudulent intention in naming Danielle Stelly[2] as a defendant and that the law provides a "legitimate reason and right" to do so. (*Motion to Remand*, p. 1). Because Stelly is a legitimate defendant, Menard argues that complete diversity does not exist, removal on the basis of diversity jurisdiction was improper, and this Court lacks subject matter jurisdiction over the case. (*Id.*)

## II. Law and Analysis

Under 28 U.S.C. § 1447(c), a district court is mandated to remand a case if, at any time before final judgment, it appears the Court lacks subject matter jurisdiction.

In its Notice of Removal, CVS asserts that Stelly was fraudulently joined to defeat diversity, or alternatively, Menard has no colorable action against Stelly since she was acting within the course and scope of her employment as a pharmacist with CVS at the time she allegedly negligently filled Plaintiff's prescriptions.

---

[2] Plaintiff's Motion to Remand acknowledges that although Danielle Stelly's domicile is unknown, it is believed to be Louisiana. Plaintiff asserts that Stelly is employed in Louisiana and licensed to practice pharmacy by the State of Louisiana. Defendants do not oppose Plaintiff's contentions.

2

The Court does not agree with Defendants' conclusions. "Under Louisiana law, an employee can be held individually liable for injuries to third parties under certain circumstances," such as when an employee owes a personal duty to the injured plaintiff. *Aucoin v. Vicknair*, 1997 WL 539889, at 2 (E.D. La. Aug. 29, 1997) citing *Canter v. Koethring Co.*, 283 So.2d 716, 722 (La. 1973). In Louisiana, pharmacists owe a personal duty to their customers to "fill a prescription correctly and to warn the patient or to notify the prescribing physician of an excessive dosage or of obvious inadequacies on the face of the prescription which create a substantial risk of harm to the patient." *Guillory v. Dr. X*, 679 So.2d 1004, 1010 (La. App. 3 Cir. 1996) examining *Gassen v. East Jefferson Hospital*, 628 So.2d 256 (La. App. 5 Cir. 1993).

### III. Conclusion

After reviewing the record, the Court cannot find that there is no possibility of a valid cause of action being set forth against Stelly. Plaintiff's Petition clearly avers that her cause of action arises out of Stelly's negligent filling of her prescriptions. Accordingly, the Court will find that Stelly, an in-state defendant, was properly joined, diversity is incomplete and that the Court lacks subject matter jurisdiction over this case. Thus, the Court will remand this matter to the 15th Judicial District Court, Vermilion Parish, Louisiana.

COPY SENT
DATE 12/7/05
BY
TO

3